IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brenda Toomer-Frazier, | ) | C/A No. 3:14-4360-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City of Columbia, *an incorporated municipality*, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Brenda Toomer-Frazier, filed this action pursuant to 42 U.S.C. § 1981 alleging disparate treatment and retaliation, as well as state law claims against the named defendant.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 21.) Having reviewed the parties' submissions (ECF Nos. 21, 22, 32, & 33) and the applicable law, the court finds that the defendant's motion for summary judgment should be granted.

## BACKGROUND

The following facts are either undisputed or are taken in the light most favorable to Toomer-Frazier, to the extent they find support in the record.  Toomer-Frazier,[2] who is African-American, was hired by the defendant in December 2011 as a forensic drug chemist in the City of Columbia

---

[1] Toomer-Frazier abandoned her state law claims in her response to the defendant's motion for summary judgment. (Pl.'s Resp. Opp'n Summ. J. at 1; ECF No. 32 at 1.)

[2] Various parts of the record refer to the plaintiff as "Brenda Jenkins," reflecting her maiden name.



Police Department's drug analysis lab. She reported to Captain Oree, who is also African-American, but her direct supervisors, Lieutenant Draft and Sergeant Rose, are white.

The job description for Toomer-Frazier's position stated that she had to complete drug analysis training with the South Carolina State Law Enforcement Division ("SLED") within one year of hire.[3]  Sergeant Rose, Toomer-Frazier's direct supervisor, told her that the police department would arrange the training. On "numerous occasions" Toomer-Frazier asked Sergeant Rose and Lieutenant Draft to provide SLED training but she never received the training. Instead, the department arranged for her to receive training at Morris College because SLED no longer provided training to forensic chemists.

Forensic drug chemists have their lab testing peer reviewed for quality control and to ensure that their results will be admissible in criminal proceedings. Toomer-Frazier requested the right to choose her own peer review team but her request was denied by Captain Oree. Instead, her peer review team was chosen by officials in the police department.

When Toomer-Frazier was initially hired, she obtained certification as a "Class III" police officer because it was a requirement for the position. This certification entitled Toomer-Frazier to utilize the police retirement system and have a take-home vehicle. However, in March 2013, the police retirement system instituted a rule that required employees to work at least 1,600 hours per year to be members of the system. Toomer-Frazier's position as a forensic drug chemist did not allow her to work the hours required to maintain her membership in the system. After she left the police retirement system, Toomer-Frazier requested that the department drop the Class III

---

[3] It is not clear from the record whether the job description was a part of Toomer-Frazier's employment contract.



certification requirement from her position so that she did not have to maintain the certification, which the police department agreed to do.

By April 2014, William H. Holbrook was hired as the Chief of the Columbia Police Department. Chief Holbrook requested an outside, independent audit of the drug analysis lab, referred to as a "GAP analysis." The audit followed an incident where a criminal defendant's drug conviction was overturned because Toomer-Frazier incorrectly calculated the weight of the crack cocaine found in his possession. The audit was conducted by Demetra Garvin of the Richland County Sheriff's Department. Without notice to Toomer-Frazier, Garvin appeared on July 11, 2014 to conduct the audit.

Following the audit, Fifth Circuit Solicitor Dan Johnson determined he would no longer prosecute any cases that involved Columbia's drug analysis lab. Solicitor Johnson is not employed by the defendant. Chief Holbrook then decided to close the police department's drug analysis lab and indicated to Toomer-Frazier that she would be terminated. Chief Holbrook discussed with Toomer-Frazier the possibility that she may make a lateral move to another city department as a technician, but otherwise, he told her he would give her six months to look for another position. Toomer-Frazier decided to resign her position.

Toomer-Frazier filed the instant action in the Richland County Court of Common Pleas on November 3, 2014. The defendant filed a notice of removal in this court on November 11, 2014.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."



Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*."  Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks and citation omitted).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor.  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).  The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms.  See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

PJG

**B.      Toomer-Frazier's § 1981 Claims**

Toomer-Frazier alleges the defendant intentionally discriminated against her based on her race in violation of her right to equal enforcement of her employment contract under 42 U.S.C. § 1981.  Section 1981 guarantees to all persons in the United States "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  Specifically, she alleges she was not treated the same as white chemists the defendant previously employed, who were allowed to select their own peer review teams, receive SLED training, and receive benefits associated with holding Class III certification.  Moreover, Toomer-Frazier alleges she was forced to resign in retaliation for her answers provided to Garvin in the GAP analysis or audit.

The defendant argues Toomer-Frazier failed to establish the elements necessary to hold a municipality liable for violation of § 1981.  The court agrees.  In Jett v. Dallas Independent School District, 491 U.S. 701 (1989), the United States Supreme Court held that the express action at law provided by 42 U.S.C. § 1983 for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," provides the *exclusive* federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.  Id. at 735.  Consequently, the § 1983 requirement that plaintiffs show an official policy or custom of discrimination also controls when a plaintiff alleges municipal actors violated her rights under § 1981.  Dennis v. Cty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (citing Jett, 491 U.S. at 735-36); see also Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658 (1978) (holding that municipalities

may only be held liable under § 1983 for violations of federal law by their employees if the violations occur pursuant to an official policy or custom).[4]

The court finds that Toomer-Frazier's claims against the defendant should be dismissed because she failed to plead a cause of action under § 1983. Because the defendant is a municipality under South Carolina law, see S.C. Code Ann. § 5-1-10; Jett and its progeny require that Toomer-Frazier's claims that the defendant violated her rights under § 1981 be brought pursuant to § 1983. See Jett, 491 U.S. at 735-36. Toomer-Frazier's Complaint only states claims directly under § 1981, under which there is no federal remedy against a municipality. Id. Accordingly, the court recommends summary judgment be granted as to Toomer-Frazier's § 1981 claims.

Moreover, even if Toomer-Frazier's Complaint could be construed to impliedly state a claim under § 1983 for a violation of her rights, the court finds the claim would fail as a matter of law because Toomer-Frazier failed to present any evidence that the purported violations occurred pursuant to an official policy or custom of the defendant. See Dennis, 55 F.3d at 156. Toomer-Frazier has not alleged any facts, much less presented any evidence, that a policy or custom of the defendant resulted in the purported discrimination. In her response to the defendant's motion for summary judgment, Toomer-Frazier acknowledges that Jett and its progeny are controlling, but raises for the first time the argument that she may seek relief against the defendant under § 1983 by alleging that the defendant's failure to train its employees amounted to a "deliberate indifference"

---

[4] Toomer-Frazier notes that Congress' 1999 amendment to § 1981 caused some courts to question the continued validity of Jett's holding on municipal liability. (Pl.'s Resp. Opp'n Summ. J. at 10; ECF No. 32 at 10.); see generally Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996). However, in Dennis, the United States Court of Appeals for the Fourth Circuit expressly noted that the 1991 amendment did not overrule Jett's holding on municipal liability. Dennis, 55 F.3d at n.1. Therefore, Jett remains the law of this Circuit.



to her rights. (Pl.'s Resp. Opp'n Summ. J. at 11; ECF No. 32 at 11.)  While such a "deliberate indifference" claim may be cognizable under § 1983, see generally City of Canton v. Harris, 489 U.S. 378 (1989), Toomer-Frazier has not actually put forth an argument that the defendant was deliberately indifferent in failing to train its employees, nor has she alleged any facts or presented any evidence that would support such an argument.  Accordingly, the court finds that even construing Toomer-Frazier's Complaint as impliedly stating a claim under § 1983, the claim would fail as a matter of law.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment be granted.  (ECF No. 21.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 28, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).