IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brenda Toomer-Frazier, | ) | |
| | ) | C/A No. 3:14-4360-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| City of Columbia, *an incorporated municipality*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Brenda Toomer-Frazier ("Plaintiff") brought this action against the City of Columbia, an incorporated municipality ("Defendant"), alleging that Defendant engaged in intentional discrimination and retaliation against Plaintiff in violation of 42 U.S.C. § 1981.[1]

This matter is before the court on Defendant's Motion for Summary Judgment. ECF No. 21. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on June 28, 2016, recommending that Defendant's Motion for Summary Judgment be granted. ECF No. 35. Plaintiff filed objections to the Report and Recommendation on July 15, 2016. ECF No. 36. Defendant filed a response on July 20, 2016. ECF No. 37.

## I.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

---

[1] Plaintiff brought additional state law claims but later abandoned those claims in her Response and Memorandum  in Opposition to Defendant's Motion for Summary Judgment. *See* ECF No. 32 at 1 n.1 ("Plaintiff moves forward at this juncture solely on the Section 1981 and retaliation claims. All other claims are hereby abandoned.")

no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

## II.    DISCUSSION

Plaintiff launches two objections to the Report and Recommendation. First, Plaintiff argues that while the Magistrate Judge considered Plaintiff's intentional discrimination cause of action, the Magistrate Judge "completely ignored" Plaintiff's retaliation cause of action. ECF No. 36 at 1. Second, Plaintiff objects to the Magistrate Judge relying on a Supreme Court precedent, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989), which has been recognized as superseded by statute by certain courts. *Id.* at 2. The court will address these objections together.

2

As an initial matter, the Magistrate Judge's reliance on *Jett*, 491 U.S. at 701, is proper. In *Jett*, the Supreme Court held that 42 U.S.C. § 1983 provided the exclusive federal remedy for alleged violations of 42 U.S.C. § 1981 brought against municipalities. However, this holding has been questioned following the Civil Rights Act of 1991, which added an amendment to § 1981:

> (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

The Court of Appeals for the Ninth Circuit interpreted this new subsection (c) as permitting direct causes of action against state actors for violations of § 1981, and thus overturning *Jett*. *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996). The Court of Appeals for the Fourth Circuit, however, has offered a different interpretation. In *Dennis v. County of Fairfax*, 55 F.3d 151, 156 n. 1 (4th Cir. 1995), the Fourth Circuit stated that the amendment to § 1981 did not overrule *Jett*. Given this direct precedent, the Magistrate Judge was correct to rely on *Jett* and its progeny in framing her analysis.

In Plaintiff's first objection, she argues that the Magistrate Judge overlooked Plaintiff's retaliation claim. ECF No. 36 at 1. On the contrary, the Magistrate Judge considered Plaintiff's intentional discrimination and retaliation claims together, as they were both brought under § 1981. ECF No. 35 at 5. Relying on *Jett* and *Dennis*, the Magistrate Judge found that Plaintiff's claims must be analyzed under a § 1983 framework. ECF No. 35 at 5. Under § 1983, a plaintiff must show that "the violation of his 'right to make contracts' protected by § 1981 was caused by a custom or a policy . . . ." *Jett*, 491 U.S. at 735-36. Plaintiff failed to identify or allege that Defendant had violated any such custom or policy. ECF No. 35 at 6.

Plaintiff counters that a "custom or policy" need not be considered in evaluating a retaliation

cause of action. Plaintiff cites a number of cases for the proposition that courts are not limited to the § 1983 framework in analyzing retaliation claims. *See Minor v. Bostwick Labs., Inc.*, 669 F.3d 428, 436 (4th Cir. 2012); *Smith v. Bray*, 681 F.3d 888, 895 (7th Cir. 2012). However, the cases Plaintiff relies upon only address retaliation claims brought against private actors. Plaintiff offers no precedential authority stating that a retaliation claim against a state actor should be analyzed outside the confines of § 1983. The court, also finding no contradictory authority, finds that the Magistrate Judge properly considered and dismissed Plaintiff's retaliation cause of action. There can be no genuine issue of material fact because Plaintiff has failed to assert a cause of action under § 1983. Plaintiff's first objection is without merit.

Finally, in her second objection, Plaintiff merely reiterates her disagreement with the Magistrate Judge's reliance on Fourth Circuit precedent in light of contravening Ninth Circuit precedent. ECF No. 36 at 5. However, the court finds that the Magistrate Judge properly relied on the Fourth Circuit precedent. *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 337 n.7 (4th Cir. 1996) ("[W]e are bound to apply circuit precedent until it is either overruled en banc or superseded by a decision of the Supreme Court."). Plaintiff's second objection is without merit.

### III.    CONCLUSION

Based upon the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

  s/ Margaret B. Seymour
MARGARET B. SEYMOUR
Senior United States District Court Judge

August 31, 2016
Columbia, South Carolina